```
               IN THE UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF ARKANSAS
                         CENTRAL DIVISION


   UNITED STATES OF AMERICA

                     Plaintiff,          No. 4:17CR00293-BSM

         vs.                             November 4, 2020

   CAREY MOONEY,                         Little Rock, Arkansas

                     Defendant.          1:00 p.m.
```

             **TRANSCRIPT OF CHANGE OF PLEA HEARING**
          BEFORE THE HONORABLE BRIAN S. MILLER,
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

On Behalf of the Government:

    MS. LIZA BROWN, Assistant United States Attorney
      United States Attorney's Office
      Eastern District of Arkansas
      425 West Capitol Avenue, Suite 500
      Post Office Box 1229
      Little Rock, Arkansas  72203-1229

On Behalf of the Defendant:

    MS. DOMINIQUE KING, Attorney at Law
      D. King Law Office, P.A.
      400 West Capitol Avenue, Suite 1724
      Little Rock, Arkansas  72201


    Proceedings reported by machine stenography and displayed in realtime; transcript prepared utilizing computer-aided transcription.


                Kathleen E. Maloney, RMR, RPR, FCRR, CSR
                       United States Court Reporter

1      (Proceedings commenced at 1:00 p.m.)
2          THE COURT:  Forgive me for being late.  I was back
3  there eating a fish plate, and Raeanne came back there and told
4  me I'm late.
5      Y'all need more time?
6          MS. KING:  We do, Your Honor.
7  (Counsel and defendant conferring, 1:06 p.m. until 1:20 p.m.)
8          THE COURT:  Next case on the docket is United States
9  versus Carey Mooney.  The case number is 17CR293.
10     Ms. Mooney is in the courtroom with her lawyer, Dominique
11 King.  The United States is being represented by Liza Brown.
12     Ms. Mooney, would you raise your right hand, and I'll swear
13 you in.
14                **CAREY MOONEY, DEFENDANT, DULY SWORN**
15         THE COURT:  Let me get some information from you.
16     How old are you?
17         THE DEFENDANT:  I am 44.
18         THE COURT:  And how much education do you have?
19         THE DEFENDANT:  High school diploma.
20         THE COURT:  Have you had any drugs, alcohol, or any
21 medication in the last 24 hours?
22         THE DEFENDANT:  No, sir.
23         THE COURT:  Okay.  I would say it would make it
24 difficult for you to understand why we are in court.
25     Do you understand why we are in court today?

1        THE DEFENDANT:  Yes, sir.
2        THE COURT:  And you are being represented by Ms. King.
3   Have you had a chance to sit down with Ms. King and go over your
4   case with her?
5        THE DEFENDANT:  I did just now, yes.
6        THE COURT:  Have you gone over your case with her
7   before today?
8        THE DEFENDANT:  For a brief moment on the phone, yes.
9        THE COURT:  And I'm not talking about the plea
10  agreement.  I'm talking about the facts of your case and what
11  your case is about.  Have you talked to her about your --
12       THE DEFENDANT:  Yes.  Yes.
13       THE COURT:  That's what I'm asking.  I'm not asking
14  about the plea.  I'm saying have you talked to her and did she
15  go over the indictment with you and told you what you are being
16  charged with and talked to you about your case?
17       THE DEFENDANT:  Yes, sir.
18       THE COURT:  Are you satisfied with the legal
19  representation she's given you so far?
20       THE DEFENDANT:  Yes, sir.
21       THE COURT:  Ms. King, have you had a chance to talk to
22  Ms. Mooney today?
23       MS. KING:  Yes, Your Honor.
24       THE COURT:  Is there anything about Ms. Mooney that
25  leads you to believe that she's not competent to go forward with

1  the plea?
2       MS. KING:  No.
3       THE COURT:  I find the defendant, Carey Mooney,
4  competent to go forward with the plea.  It's my understanding
5  you want to withdraw your plea of not guilty and enter a plea of
6  guilty to Counts 4 and 5 of the second superseding indictment of
7  September 3, 2019, and those counts charge you with violent
8  crimes in aid of racketeering and of kidnapping and assault with
9  a dangerous weapon.
10      Now, is that what you intend to plead guilty to?
11      THE DEFENDANT:  Yes, sir.
12      THE COURT:  Okay.  And I'm going to read Counts 4 and
13 5 to you so you have -- so that you know what you are being
14 charged with and we have a record of it.
15      Count 4 says that, from on or about May 28, 2017, through
16 on or about May 29, 2017, in the Eastern District of Arkansas,
17 and it lists out three other -- four other people and also you,
18 Carey Mooney.  It says that you all aided and abetted each other
19 and others known and unknown to the grand jury for the purpose
20 of gaining entrance to and maintaining and increasing position
21 in the New Aryan Empire, an enterprise engaged in racketeering
22 activity and that you did kidnap C.L.
23      Count 5 says that, from in or about May 28, 2017, through
24 on or about May 29, 2017, in the Eastern District of Arkansas,
25 and it lists three other people plus you, Ms. Mooney, and it

says -- well, four.  It says that all of you aided and abetted by each other and others known and unknown to the grand jury, for the purpose of gaining entrance and maintaining and increasing position in the New Aryan Enterprise, an enterprise engaged in racketeering activity, did assault C.L. with a dangerous weapon, and that is a bat and a knife.  Is that what you are entering a plea of guilty to?

    THE DEFENDANT:  Yes.

    THE COURT:  Okay.  And you understand that you are not required to enter a plea of guilty?

    THE DEFENDANT:  Yes.

    THE COURT:  And you understand, if you were to stand on your plea of not guilty, you would have a right to a speedy and public jury trial, you would have a right to be represented by a lawyer.  If you cannot afford one, we would appoint one to represent you.  You would have a right to be free from self-incrimination, which means you have the right not to testify, and if you do not testify in your trial, the jury cannot hold that against you.  Also, you would enter the courtroom with the presumption of innocence.  And so you don't have to prove or disprove anything.  The government has to prove the case against you beyond a reasonable doubt.

    Now, in a case like this, the government would come in and put on witnesses who would testify about all this.  The government would probably also have exhibits that it would want

1   to put into evidence.  And that could consist of the knife
2   involved in this, photos, any type of records that might be
3   admissible.  Also, if there are wiretaps or anything like that,
4   the government would want to play those, or if you had text
5   messages back and forth, the government would probably put that
6   in.
7        As for the witnesses, we'd probably hear from the alleged
8   victim, we would probably hear from law enforcement who
9   investigated the case, and we might also hear from other people
10  who have been charged who have already pled guilty.
11       Now, sometimes when people plead guilty, they come in and
12  testify against the other people involved.  And you would have a
13  right to confront those witnesses against you.  And the way you
14  do that is Ms. King would cross-examine those witnesses to make
15  sure that the testimony they are giving is both truthful and
16  accurate.
17       With regard to the evidence, you have the right to object
18  to it.  And then I have to decide whether that -- those items
19  come into evidence.
20       Once the government has put on its case, then you have a
21  right to call witnesses to testify for you if you have someone
22  who can testify.
23       You also have the right to testify yourself, although you
24  don't have to.
25       Understand that, if you testify or if you call witnesses to

1  testify, then the government will have the right to
2  cross-examine you and your witnesses.
3      Now, once the evidence is in, the jury will go back to the
4  jury room, and they'll just discuss the evidence.
5      Now, we would have 12 jurors, and all 12 jurors have to
6  agree on the outcome for there to be a verdict.  And so, if we
7  had 11 jurors one way and one juror the other way, that's not a
8  verdict.  That's not a majority.  It's the entire jury.
9      If the jury unanimously determines that the government
10 approved the case against you beyond a reasonable doubt, the
11 jury will find you guilty.
12     If the jury unanimously determines that the government did
13 not prove the case against you beyond a reasonable doubt, the
14 jury will find you not guilty.
15     If you are found not guilty, your case is over, and the
16 government cannot bring this case against you again.
17     If you are found guilty, then you have a right to an
18 appeal.  On appeal your case will go to three judges that sit in
19 St. Louis.  That's where our court of appeals is.  And those
20 judges would not hear new evidence.
21     So if you had a witness who didn't show up for trial or if
22 you had a photo or a document or something like that that you
23 didn't have at trial that didn't get into evidence, you can't
24 present that to the court of appeals.
25     All the court of appeals will do is read the transcript of

1   the trial that the court reporter types up and will read your
2   lawyer's brief and the brief of the government to determine if I
3   made mistakes during the course of your trial that caused you to
4   lose.
5         If the court of appeals determines that I did make mistakes
6   that caused you to lose, they will reverse the jury's verdict,
7   and your case will be over.
8         If the Court determines that I did not make a mistake
9   during the course of your trial to cause you to lose, they will
10  affirm the jury's verdict, and your case will be over.
11        Do you understand that?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Do you understand that you are giving up
14  all those rights in order to enter a plea of guilty?
15              THE DEFENDANT:  Yes, sir.
16              THE COURT:  Okay.  Now, what that really means is we
17  won't have a trial.  Certain appeals right you'll give up.  You
18  can still appeal your sentence if the government commits
19  misconduct, if the prosecutors commit misconduct.  You can
20  appeal the verdict if your lawyer gives you ineffective legal
21  assistance.  And you can appeal the sentence -- you can appeal
22  the sentence if I give you a sentence above the guidelines
23  range, but otherwise you are pretty much giving up your right to
24  appeal.  Do you understand?
25              THE DEFENDANT:  Yes.

1       THE COURT:  Do you understand that if you do not have
2  a felony offense on your record that, by entering this plea of
3  guilty, you give up certain valuable civil rights, like the
4  right to vote, the right to own a firearm, the right to hold
5  public office.  Do you understand?
6       THE DEFENDANT:  Yes, sir.
7       THE COURT:  Do you also understand that we don't have
8  an expungement law?  And so, by entering this plea of guilty,
9  you can't come back later and have your record expunged or
10 sealed.
11    Do you understand that?
12      THE DEFENDANT:  Yes.
13      THE COURT:  Have you talked to Ms. King about the
14 possible sentences you can receive?
15      THE DEFENDANT:  Yes.
16      THE COURT:  So Ms. King has probably explained to you
17 that, in the federal system, we have our law that tells me what
18 the minimum and maximum sentences are I can give you.  I have to
19 give you a sentence within the range provided by the law.  In
20 addition to the law, we have Sentencing Guidelines to help me
21 determine what an appropriate sentence is.  I'm not required to
22 give you a sentence within the range provided by the guidelines.
23 Do you understand that?
24      THE DEFENDANT:  Yes.
25      THE COURT:  Okay.  I don't know what your guidelines

1   range is going to be; and so I can't tell you what that's going
2   to be.
3         What's going to happen, Ms. Mooney, is the probation office
4   will go out after today and do a presentence investigation and
5   look into your background.  They'll prepare a report.  And in
6   that report, it will have your guidelines range in it.  Do you
7   understand?
8              THE DEFENDANT:  Yes.
9              THE COURT:  But I don't have it here today.
10        What I can tell you is that, based on the law, the
11  penalties for Count 4 and Count 5 are as follows:  For 4, which
12  is kidnapping and aid in racketeering, you are looking at up to
13  life imprisonment, so from zero years to life; a fine of not
14  more than $250,000; and not more than five years of supervised
15  release and a $100 special assessment.
16        Do you understand that?
17             THE DEFENDANT:  Yes, sir.
18             THE COURT:  With regard to Count 5, assault with a
19  dangerous weapon in aid of racketeering, you are looking at up
20  to 20 years of imprisonment; so I can give you anywhere from 0
21  to 20 years; a fine of not more than $250,000; and not more than
22  three years of supervised release; and a $100 special
23  assessment.
24        Do you understand that?  Is that a yes?
25             THE DEFENDANT:  Yes.

1         THE COURT:  I didn't hear you.

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Thank you.

4    Now, do you understand that, if I were to give you a

5 sentence longer than what you expect, you cannot withdraw your

6 plea of guilty?  Do you understand that?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  Do you understand we don't have parole in

9 the federal system; so if I do give you prison time, you will

10 not get out early on parole?

11    Do you understand that?  Is that a yes?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  And I have to get you to say it audibly so

14 the court reporter can hear you.  That's why I ask.

15    Now, I understand, Ms. King, that there is a plea

16 agreement.

17         MS. KING:  Yes, Your Honor, there is.

18         THE COURT:  And, Ms. Brown, would you state for the

19 record what the terms of the plea agreement are?

20         MS. BROWN:  Yes, Your Honor.

21    The defendant will enter pleas of guilty to violent crimes

22 in aid of racketeering of kidnapping and assault with a

23 dangerous weapon in violation of Title 18, United States Code,

24 Sections 1959(a)(1) and (a)(3) as set forth in Counts 4 and 5 of

25 the second superseding indictment.  The United States will agree

1    to move for dismissal of the remaining counts and/or underlying
2    indictments against the defendant upon acceptance of the guilty
3    pleas.
4         Elements of the crime are as follows:  To establish a
5    violation of 18, United States Code 1959, the government must
6    establish each of the following elements beyond a reasonable
7    doubt:  One, on or about the date charged in the relevant count,
8    the New Aryan Empire, NAE, existed as an enterprise.  The
9    charged enterprise engaged in or its activities affected
10   interstate or foreign commerce, the enterprise engaged in
11   racketeering activity, the defendant committed or aided and
12   abetted the charged crime of violence, and the defendant's
13   purpose in committing or aiding and abetting the commission of
14   the charged crime of kidnapping and assault with a dangerous
15   weapon was to gain entrance to or maintain or increase position
16   in the enterprise.
17        In Section 4 entitled "Waivers," the defendant is going to
18   waive her right to appeal or collaterally attack all
19   nonjurisdictional issues except for she will reserve the right
20   to appeal claims of prosecutorial misconduct and the right to
21   appeal the sentence if the defendant makes a contemporaneous
22   objection because the sentence imposed is above the guidelines
23   range that is established at sentencing.
24        The defendant expressly acknowledges and agrees that the
25   United States reserves its right to appeal the defendant's

1  sentence under Title 18, United States Code, Section 3742(b) and
2  *United States v. Booker*.
3  The defendant waives all rights to collaterally attack the
4  conviction and sentence in a postconviction proceeding including
5  one pursuant to Title 18 -- or Title 28, United States Code,
6  Section 2255 except for claims based upon ineffective assistance
7  of counsel or prosecutorial misconduct.
8  She's going to waive the right to have her sentence
9  modified pursuant to Title 18, United States Code,
10 Section 3582(c)(2), and she will waive the right to appeal the
11 Court's determination of any amount of restitution or
12 forfeiture.
13 Under Section 5 entitled "Stipulations," the parties agree
14 that the base offense level for the offense of conviction in
15 Count 4 of the second superseding indictment is 32 under United
16 States Sentencing Guidelines Section 2A4.1.
17 The parties agree and stipulate that the defendant will
18 receive a two-level increase because the victim sustained
19 serious bodily injury, a two-level increase because a dangerous
20 weapon, a knife and/or a baseball bat, was used, and a two-level
21 increase for obstructing or impeding the administration of
22 justice.
23 The parties agree the base offense level for the offense of
24 conviction in Count 5 of the second superseding indictment is 14
25 under United States Sentencing Guidelines Section 2A2.2(a).

1        The parties agree and stipulate that the defendant will
2   receive a two-level increase because the offense involved more
3   than minimal planning, a four-level increase because a dangerous
4   weapon was used, and a two-level increase for obstructing or
5   impeding the administration of justice.
6        The parties agree that the total offense level for all
7   offenses could increase as a result of the application of the
8   grouping in multi-count adjustment rules set forth in United
9   States Sentencing Guidelines Section 3D1.1 through 3D1.4.
10       The parties agree and stipulate that the defendant is
11  eligible for a two-level reduction for acceptance of
12  responsibility unless she takes any action between the entry of
13  guilty plea and the imposition of sentence that is inconsistent
14  with her acceptance of responsibility.
15       The United States will determine at sentencing whether or
16  not to award the third-level reduction for her acceptance of
17  responsibility.
18       The parties agree any additional issues which arise in the
19  presentence report that the parties did not address in the plea
20  agreement can be submitted to the Court for the Court's
21  determination.
22       Finally, the parties also state that restitution is
23  applicable and the amount will be litigated at sentencing.
24       Your Honor, the rest of the plea agreement contains
25  standard factors of our plea agreements.

```
1           THE COURT:  Okay.  Ms. King, are there any other terms
2    of the plea agreement that you want to put on the record?
3           MS. KING:  No, Your Honor.
4           THE COURT:  And, Ms. Mooney, I know that you were
5    talking to Ms. King during part of the statement of what was in
6    the plea agreement, what's in it.
7        Did you have a chance to listen to what the government just
8    said, what the terms of your plea agreement are?
9        I just want to make sure that you understand what's in your
10   plea agreement.
11          THE DEFENDANT:  Yes.  I understand what's in my plea
12   agreement.
13          THE COURT:  Okay.  And were the terms that she just
14   outlined, the terms I think she read from the form she gave you
15   to sign, were those the terms that were in your plea agreement?
16          THE DEFENDANT:  Um-hum.
17          THE COURT:  Okay.  And having discussed all your
18   rights with you, do you still want to enter a plea of guilty?
19          THE DEFENDANT:  Yes, I do.
20          THE COURT:  Are you entering the plea voluntarily?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Has anybody made any promises or threats
23   to you to get you to plead guilty?
24          THE DEFENDANT:  No.
25          THE COURT:  Okay.  Let's do this:  Ms. Brown,
```

1  normally, you would get up, and at this point -- Ms. Mooney, I
2  would ask Ms. Brown to get up there and read -- get up and tell
3  me what facts you would put on if we were to have a trial on the
4  counts that you are pleading guilty to.
5       Because we have one, two, three -- because we have six
6  pages of facts, Ms. Brown has submitted these facts to us in
7  writing.
8       Have you had a chance to take a look at this statement of
9  facts?
10              THE DEFENDANT:  Yes, I have.
11              THE COURT:  Okay.  Are the facts that are set forth in
12  the statement of facts accurate?
13       Well, here's the thing:  You don't have to agree to the
14  statement of facts.  If there is something in there that you say
15  is not accurate, then we need to make a record of it.
16       I'm looking to you now.  Are there statements in here that
17  you agree with or disagree with?  Let's put it for our record.
18              THE DEFENDANT:  There's a couple I disagree with, yes.
19              THE COURT:  Okay.  Can you tell me what facts in the
20  statement of facts that you disagree with?
21              THE DEFENDANT:  It says I was trying to gain rank and
22  position and I had some acknowledge of some activity.  Well, I
23  did --
24              THE COURT:  Hold on.  I'm having a hard time
25  understanding all you are saying, and the court reporter has to

1  type it up.
2          THE DEFENDANT:  So where it says I was trying to gain
3  rank and position in, that is completely false.  And that I had
4  knowledge in Kevin Long's activities prior to this incident
5  itself happening.
6          THE COURT:  That you had knowledge in whose
7  activities?
8          THE DEFENDANT:  Long.  That's inaccurate.  I mean, I
9  did assault this woman, but I had no clue of any of this that
10 was going -- that was going on.  He was -- prior to that day.
11         THE COURT:  Okay.  And, Ms. Brown, I'll leave it to
12 you.
13     Can I take this plea if she disagrees that she had
14 knowledge of Long's activities before the day in question or
15 that she was attempting to gain entry or access or rank in the
16 racketeering organization?
17         MS. BROWN:  No, Your Honor, you cannot, because she
18 does not meet the elements for this plea.  So that's one of
19 them.  As far as her ability to -- she doesn't consent to all of
20 the elements of the crime, and so unless we can prove --
21 although we can prove that she aided and abetted the crime of
22 violence and that the crime of kidnapping was to gain entrance
23 to or maintain or increase position in the enterprise, as we can
24 prove that through jail calls and statements of other
25 co-defendants of what -- of that element.

Case 4:17-cr-00293-BSM   Document 1863   Filed 01/04/21   Page 18 of 19

18

1   But if she does not acquiesce to the facts, I don't believe
2   that that element -- I can meet the element.
3         THE COURT:  All right.
4   Here's what I'm thinking:  That's what I thought.  And so I
5   don't think I can take the plea, Ms. Mooney.
6   Now, if Ms. King further negotiates with the government and
7   they decide to strike a different deal with you, that's one
8   thing.  But if they can't, then what happens is we'll have to
9   have a trial on this.
10  And I say this all the time, that to enter a -- for me to
11  take a plea of guilty, two things have to be determined.  First,
12  that you actually committed the crime.  Right?  And then,
13  second, that you want to enter the plea of guilty.
14  If you are looking at this and you are saying that I just
15  disagree that I did these things for this purpose and it's an
16  element of the offense, you don't have to enter a plea of
17  guilty.  And then -- but we'll have to have a trial.  Okay?
18  And I think this is set for February, right?
19        MS. BROWN:  Yes, Your Honor, February 22nd.
20        THE COURT:  And so if y'all work out something before
21  then, I'll take it up.  And if you cannot work out anything
22  before then, I'm see you in February.  Okay?
23        MS. BROWN:  Okay.
24        THE COURT:  All right.  Is there anything else we need
25  to take up on this case?

Kathleen E. Maloney, RMR, RPR, FCRR, CSR
United States Court Reporter

```
 1            MS. BROWN:  Not from the government, Your Honor.
 2            MS. KING:  Nothing from me, Your Honor.
 3            THE COURT:  Okay.  Let's stand down.  Let's get ready
 4   for our next hearing.
 5        (Proceedings adjourned at 1:41 p.m.)
 6
 7                      REPORTER'S CERTIFICATE
 8        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
 9
10                                    Date:   January 2, 2021
     /s/ Kathleen Maloney, RPR, FCRR
11       United States Court Reporter
```

Kathleen E. Maloney, RMR, RPR, FCRR, CSR
United States Court Reporter